UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INTERMOUNTAIN FAIR HOUSING COUNCIL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ROYAL PROPERTIES MANAGEMENT, LLC, KENT LOTT, INGRID LOTT, and JOSE AVILA, <br><br> Defendants. | CASE NO. 4:14-cv-433-BLW <br><br> CONSENT ORDER |

## I. INTRODUCTION

**A. Background**

1. This Consent Order is entered between the Plaintiff Intermountain Fair Housing Council, Inc. and the Defendants Royal Properties Management, LLC, Kent Lott, Ingrid Lott, and Jose Avila.

2. The real property that is the subject of this action is the Bonneville Apartments located at 635 Park Avenue, Idaho Falls, Idaho 83402 (hereinafter "the Subject Property").

3. This action is brought by the Plaintiff for declaratory judgment, permanent injunctive relief and damages on the following bases: Count One—Discrimination on the Basis of

CONSENT ORDER                1

"Handicap" in Violation of the Fair Housing Act (hereinafter "FHA") and its Implementing Regulations; Count Two—Interference, coercion or intimidation in violation of the FHA and its implementing regulations; and Count Three—Negligence.

**B. Parties**

1. The Plaintiff is a private nonprofit corporation organized under the laws of the State of Idaho with its principal place of business at 5460 W. Franklin Road, Suite M, Boise, Idaho 83705.  Its mission is to advance equal access to housing for all persons without regard to race, color, sex, religion, national origin, familial status, or disability, and to increase the pool of accessible housing available to the disabled.  The Plaintiff serves persons with disabilities through, among other things, education on the fair housing laws, assistance with complaints, and referrals to accessible properties.  The Plaintiff also provides education and outreach on fair housing laws and practices to housing consumers, housing providers, builders, architects, and others.

2. The Defendants are the owners, operators and property managers of the Subject Property.

**C. Applicable Legal Requirements**

1. The relevant portions of the FHA prohibit the following:

    a. Discrimination in the sale or rental, or otherwise made unavailable, a dwelling because of "handicap", 42 U.S.C. §3604(f)(1);

    b. Discriminatory terms, conditions or privileges in the sale or rental of a dwelling because of "handicap", 42 U.S.C. §3604(f)(2);

  c. Refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling, 42 U.S.C. §3604(f)(3)(B);

  d. Making, printing or publishing a notice or statement with respect to the sale or rental of a dwelling that indicates a preference, limitation or discrimination based on "handicap", 42 U.S.C. §3604(c);

  e. Inquiry into the nature or severity of a disability in violation of 24 C.F.R. §100.202(c); and

  f. Interference, coercion or intimidation, 42 U.S.C. §3617.

2. The prohibition on negligent actions requires individuals to use reasonable care to avoid injury and to prevent unreasonable, foreseeable risks of harm to others.

**D. Consent of the Parties to Entry of this Order**

1. The parties to this proceeding agree that this Court has jurisdiction over the subject matter of this case pursuant to 42 U.S.C. §3613 and 28 U.S.C. §§1331, 1337, 1343 and 2201. The parties further agree that this controversy should be resolved without further proceedings and without an evidentiary hearing.

2. The Defendants deny that they have violated the law, and this Consent Order does not constitute any admission of liability on the part of the Defendants.

3. As indicated by the signatures appearing below, the parties hereto agree to entry of this Consent Order.

  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:**

  **A. Monetary Damages.** The Defendants will pay within thirty (30) days of the entry of this Consent Order in this proceeding the total sum of TWENTY-FOUR THOUSAND AND

NO/100 DOLLARS ($24,000.00) in monetary damages to the Plaintiff Intermountain Fair Housing Council, Inc.

      **B. Fair Housing Education.** All housing management-related employees and agents of the Defendants shall obtain 2-3 hours of fair housing training each year for the years 2015, 2016 and 2017. Said training courses shall be provided free of charge by the Plaintiff or may be provided by another provider of the Defendants' choice to be pre-approved by the Plaintiff.

      **C. Change of Policy.** The Defendants shall maintain a policy with regards to applicants and tenants with service animals which complies with the requirements of the federal Fair Housing Act, 42 U.S.C. §3601 *et seq.*, as well as its implementing regulations, including not charging fees or deposits on such service animals, and shall adopt a written non-discrimination policy.

      **D. Refund of Fees.** The Defendants shall refund all fees collected by them for service animals to the owners of such animals within thirty (30) days of the entry of this Consent Order, if not yet refunded.

      **E. Withdrawal of Administrative Complaints.** The Plaintiff shall promptly withdraw and not pursue any and all administrative complaints that may be pending with the United States Department of Housing and Urban Development ("HUD") regarding the facts and incidents at issue in this proceeding.

      **F. Duration of Order and Termination of Legal Action.**

    1. This Consent Order shall remain in effect for thirty-six (36) months after the date of its entry. However, in the event that the Defendants divest themselves of all interest and involvement in rental housing, this Consent Order shall terminate upon motion by the Defendants.

2. The complaint filed in this proceeding is dismissed with prejudice. The Court, however, shall retain jurisdiction for the term of this Consent Order to enforce the terms of this Order.

**G. Attorney's Fees and Costs.** Each party hereto shall bear its own attorney's fees and costs associated with this action. However, any party hereto may seek judicial enforcement of this Consent Order. Should any party initiate litigation to enforce the terms of this Agreement, the prevailing party shall be entitled to an award of its attorney's fees and costs incurred in such action.



DATED: September 9, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court

CONSENT ORDER                5

AGREED TO BY THE PARTIES AND THEIR ATTORNEYS, AS INDICATED BY THE SIGNATURES APPEARING BELOW:

INTERMOUNTAIN FAIR HOUSING COUNCIL, INC.:

By: _____/s/_____
      Zoe Ann Olson
      Executive Director, Intermountain Fair Housing Council, Inc.

_____/s/_____
KEN NAGY
Attorney for Plaintiff

ROYAL PROPERTIES MANAGEMENT, LLC:

By: _____/s/_____
      Kent Lott

_____/s/_____
KENT LOTT

_____/s/_____
INGRID LOTT

_____/s/_____
JOSE AVILA

_____/s/_____
MICHAEL G. BRADY
Attorney for Defendants